Johnston v. Baca.

[No. 1093, January 31, 1906.]

FLORENCE P. JOHNSTON, Administratrix, etc., Appellee, v. ROMAN L. BACA, et als, Appellants.

### SYLLABUS.

1. An attorney at' law cannot transfer to another, without the consent of his client, an executory agreement, whereby he undertakes to supply professional services and ability.

2. In the case at bar, irrespective of the statute, (Sec. 3021, Compiled Laws of 1897,) which provides that in a suit by or against the heirs, executors, administrators or assigns of a deceased person, an opposite party shall not obtain a judgment on his own evidence, in respect to any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence, the defendants have not proved by a preponderance of the evidence, that the note sued on was not to become due and payable, until all the suits were finally disposed of.

Johnston v. Baca.

Appeal from the district court of Valencia county, before IRA A. ABBOTT, Associate Justice. Remanded.

A. B. RENEHAN, for appellants.

An attorney cannot transfer an executive agreement whereby he undertakes to supply professional ability and knowledge without the consent of the other contractural party.

> 3 Page on Contracts, Sec. 1262, Ca. Ci.; 1 Parsons on Contracts p. 248, Note C; Delaware, etc., v. Diebold Safe Co. 133 U. S. 488; Arkansas Co. v. Belden Co., 127 U. S. 379; Burck v. Taylor, 152 U. S. (L. Ed.) 584; Sloan v. Williams, 138 Ill. 43; Hilton v. Crocker, 30 Neb. 707.

Upon full performance the right of the attorney may be assigned.

> Taylor v. Mining Co. 86 Colo. 589; Sloan v. Williams, 12 L. R. A. 496.

An entire failure of the consideration for the subject matter of the complaint in this case resulted, and therefore no right of action to the plaintiffs in their interest accrued.

> Edwards v. Pyle, 23 Ill. 54; Arthur v. Blackman, 63 Fed. 536; 6 Ency. Law (2nd Ed.) p. 784 and Ca. Ci.; Marsh v. Bennett, 22 Ill. 313; Mary Washington Female College v. McIntosh, 37 Miss. 671; Simpson etc. College v. Tuttle, 71 Iowa, 596; Freeman v. Matlock, 67 Ind. 99; Pope v. Hays, 19 Tex. 375; Andros v. Childers, 14 Oregon, 447; Taft v. Montague, 14 Mass., 282; Elliott v. Caldwell, 9 L. R. A. 52; Ranelagh v. Milton, 2 Drew & S., 278; Walesman v. Banks, 144 U. S. (L. Ed.) 483.

See also:

> Katz v. Bedford, 1 L. R. A. 826; Timberlake v. Thayer, 24 L. R. A. 231, and note.

In a suit by administrators against an alleged debtor of their intestate, they cannot win upon their evidence without corroboration.

Johnston v. Baca.

Sec. 3021, Compiled Laws of N. M. 1897.

McMillen & Reynolds, for appellees.

There was abundance of evidence to sustain the findings of the court below, and it is a familiar rule of law which has been applied time and again by this court that the appellate court will not pass upon the weight of the evidence; and that if there was a conflict of evidence the findings of the court below would be sustained.

Bank v. McClellan, 58 Pac. 349 (N. M.)

### STATEMENT OF FACTS.

This suit was originally brought by Florence P. Johnston, as administratrix of George W. Johnston, deceased, and as administratrix de bonis non of the estate of Thomas A. Finical, also deceased, against Roman L. Baca, and the other defendants.

The action was based upon a promissory note for $2,500, dated April 16, 1900, payable on or before one year after date, and bearing interest at the rate of 12% per annum from maturity until paid, with 10% additional on amount unpaid if placed for collection in the hands of an attorney; the note was payable to Johnston and Finical, and was signed by all of the defendants, who to secure its payment executed and delivered a mortgage on certain real estate.

The complaint was in the usual form and demanded judgment for the amount due on the note and for a foreclosure.

The defendants in an amended answer filed by them admitted the execution and delivery of the note and mortgage, and alleged that the consideration therefor was for legal services to be rendered in the district and supreme court in three certain cases; that afterwards Finical died and Johnston retired from the practice of law, and that they were compelled to employ one E. W. Dobson to represent them in the three cases under an agreement, as they allege, to pay him what his services were reasonably worth. Appellants also aver that there was a verbal understanding with Johnston and Finical that the note was not to become due until after the legal services were completed.

In the reply plaintiff admitted that the note was giv-

Johnston v. Baca.

en on account of legal services rendered or to be rendered, and that Finical died in February, 1901, and that Johnston, afterwards became ill and retired from practice, but denied all of the other affirmative matters set up in the answer, denying specifically that there was a failure of consideration, or that the defendants employed E. W. Dobson, Esq., as their attorney in the cases, and alleged that Johnston, as surviving member of the firm of Johnston and Finical, employed said Dobson to perform the services which their late firm agreed to attend to as consideration for said note and mortgage, and that said Dobson had performed them, with the knowledge and acquiescence of the defendants and that said services were reasonably worth the amount specified in the promissory note. A copy of the agreement between Johnston and Dobson was attached to and made a part of the complaint, and shows that Dobson and the payees of the note were each to receive a moiety thereof. Mr. Dobson filed an intervening petition, but as he has not joined in the appeal, it will be unnecessary for us to refer to it.

The case was tried in the district court, a jury being waived and judgment was rendered in favor of the plaintiffs for the amount of the note and interest and attorney's fees, and a decree was entered foreclosing the mortgage.

From this judgment and decree appellants appealed.

### OPINION OF THE COURT.

MILLS, C. J.—The errors relied on by the appellants in this appeal are condensed by their attorney into two, to-wit:

1  That an attorney cannot transfer an executive agreement whereby he undertakes to supply professional ability and knowledge without the consent of the other contractural party; and

2  That the consideration for the note and mortgage sued on failed, first, because of the abandonment of the object of the employment by Johnston and Finical, and, second, because the stipulated work had not been done under the contract, and that therefore the plaintiffs have no cause of action.

As to the alleged error numbered "1," we think that it correctly states the law, but in the findings of facts made by the trial court, that court finds, that the contract for the employment of Dobson by Johnston "was made with the acquiesence, direction and consent of said defendants," consequently we shall have to search the record to see if there is evidence to sustain this finding.

The evidence discloses that Johnston wrote one of the defendants, R. L. Baca, Esq., who seems to have acted for them all—at Santa Fe, saying that some ten days before he had written him, saying that he had to give up the practice of law on account of his health, reminding him that he (Johnston) and Finical held the note for fees in the case, and stating that he desired to make arrangements with some one to go on with the case upon a division of the fee. Other letters and telegrams are in evidence, one dated July 1, 1901, from Johnston to Baca, saying, that he had turned over the matter to Mr. Dobson, as per request, and a telegram from Mr. McMillan to Mr. Baca, which reads as follows, to-wit: "Johnston sick, Dobson has charge of case." Mr. Dobson testified that Mr. Johnston told him that he was going to quit the practice of law on account of his health, that he had three cases in which Mr. Baca and the other members of his family were interested, and "that Mr. Baca had suggested or agreed that he turn the cases over to me to be completed." Transcript of Record, p. 70, and on p. 71, Transcript of Record, he testified that "Mr. Baca came down from Santa Fe and came up to see me, and asked me if Mr. Johnston had turned over those papers to me, and I told him that he had, and further on the same page he testified: "I told Mr. Baca that I had this arrangement with Johnston. He did not object to it or did not complain." On cross examination of Mr. Baca, by the intervenor, Mr. Dobson, the following questions and answers were given: (Q) Don't you know as a matter of fact that before Mr. Johnston brought the cases to me that you had intimated that you were willing I should represent you in these cases? (A) Yes, sir. (Q) Before he turned the papers over didn't you express the desire to have me employed to succeed him? (A) Yes; I ex-

pressed a desire." (Transcript of Record, pages 65 and 66.) The record further shows that Mr. Dobson fought the cases with great ability and determination.

We think that this documentary and verbal testimony amply sustains the finding of the court "that said contract was made with the acquiescence, direction and consent of said defendants." In fact we cannot conceive how it would have been possible for the court to have made any other finding, and as the defendants had knowledge of and consented to the change of attorneys, the first alleged error is disposed of and falls to the ground.

This leaves only the last part of the second alleged error for us to consider, to-wit: That because the stipulated work had not been done under the contract that the plaintiffs have no cause of action.

It will be observed that the note is in the form of many of those used in this territory, except that it is payable in gold coin. It is a negotiable instrument, payable on or before one year after date, and bears interest at the rate of 12% per annum from maturity until paid, and provides for an attorneys' fee of 10% on amount unpaid if placed for collection in the hands of an attorney. There are no restrictions in it. The mortgage also is in the ordinary form of those used in this territory, and contains no restrictions regarding foreclosure.

It is an axiom of law that in all civil cases the burden of proof is on the party holding the affirmative of any issue. In the trial below, when the plaintiff introduced the note and mortgage in evidence, a prima facie case was made, and the plaintiff was entitled to judgment as prayed for, unless evidence was introduced by defendants to defeat the claim. At this point the burden of proof shifted to the defendants, and it became necessary for them to prove by a preponderance of the evidence the affirmative matter set up in their amended answer, viz: that the note did not become due and payable until all of the suits which Johnston and Finical were to attend to on behalf of the defendants should be finally disposed of.

In making this proof we think that appellants have failed. Mr. R. L. Baca testified, as appears on page 58 of the Transcript of Record, as follows: "(Q) What did

he, or the firm, agree to do? (A) The firm agreed to take care of these three cases for $2500 in the district court and in the supreme court of New Mexico, and for that purpose I was to give them security for their labor and work that they were to render, and that this security would never be demanded of me until the entire three cases were entirely adjudicated;" and again, on page 67, Transcript of Record, Mr. Baca testified in response to a question, as follows: (A) "We will take care of these cases for $2500.00. You give me the security for the work we are to perform, and you can make a mortgage on the property, signed by the different parties and members of your family, so that we may be secured, and when the cases are over, why then payment will be due."

We do not think that this testimony is enough to vary the terms of the note sued on, or that by it the defendants proved by a preponderance of the evidence the affirmative matter set up in their answer, that the note was not to be paid until the suits were finally ended.

In addition, our legislature has, and we think wisely, provided that in a suit by or against the heirs, executors, administrators or assigns of a deceased person, an opposite or interested party shall not obtain a verdict, judgment or decision therein on his own evidence in respect to any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence." Sec. 3021, Compiled Laws of 1897. The testimony of Mr. Baca as to all matters occurring before the death of Mr. Johnston, being uncorroborated, is not in any event sufficient to overturn the presumption raised by the possession of this unpaid note by the administratrix.

There is no error in the record, and the judgment of the court below is therefore affirmed and the cause is remanded to the district court of Valencia county, for further proceedings, and it is so ordered.

Wm. H. Pope, A. J., John R. McFie, A. J., Edward A. Mann, A. J., Frank W. Parker, A. J., concur.

Abbott, A. J., having heard the case below took no part in this decision.